IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**HAPPY STOMPINGBEAR,**                                                      **PLAINTIFF**
**ADC #651503**

V.                          CASE NO. 5:18-cv-281-JM-BD

**BROWN, et al.**                                                            **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. Mr. Stompingbear may file written objections to this Recommendation if he wishes. Objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. Stompingbear may waive any right to appeal questions of fact.

**II.   Discussion:**

Plaintiff Happy Stompingbear,[1] an inmate housed at the Arkansas Department of Correction ("ADC"), filed this § 1983 lawsuit without the help of a lawyer and is proceeding *in forma pauperis*. (Docket entries #1, #2)

---

[1] Happy Stompingbear was formerly known as Chris Ward.

The PLRA requires federal courts to screen prisoner complaints in cases such as if the plaintiff seeks relief from a government entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss claims that are legally frivolous or malicious; that fail to state a claim upon which relief may be granted; or that seek monetary relief from a defendant who is immune from paying damages. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

In his complaint, Mr. Stompingbear complains that on May 26, 2016, he was taken to administrative segregation and was not provided the paperwork he needed to file an amended complaint in a pending lawsuit. (#2) As a result, he alleges, he missed the deadline to file his amended complaint; and the case was dismissed. *Id*. He also complains that Defendants did not respond to several grievances he filed. *Id*.

First, Mr. Stompingbear cannot prevail on his claim that Defendants denied him access to the courts in violation of his rights. To prevail on such a claim, a prisoner must show that he suffered an "actual injury" regarding a "nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky,* 494 F.3d 677, 680 (8th Cir. 2007) (citing *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)). In this context, "actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the

inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *see also Klinger v. Dept. of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997).

Mr. Stompingbear had one pending lawsuit as of May 26, 2016—*Ward v. Kelley*, et al., E.D. Ark. Case No. 5:16-cv-119-KGB ("Ward"). In that case, Mr. Stompingbear was ordered to file an amended complaint because he had included several unrelated claims in that one lawsuit. (5:16-cv-119-KGB, #6) According to court records, Mr. Stompingbear did miss the deadline for filing his amended complaint; however, that is not the reason the case was dismissed.

In the *Ward* case, Judge Volpe analyzed the first claim in Mr. Stompingbear's complaint, that is, his claim of unconstitutional conditions of confinement, and found that none of the conditions described in the complaint rose to the level of an eighth amendment violation. (5:16-cv-119-KGB, #13) Judge Volpe further found that the nine other claims Mr. Stompingbear had included in his complaint were not sufficiently related to proceed in a single action and recommended dismissal of those claims. *Id*.

Mr. Stompingbear filed an objection to Judge Volpe's recommendation and a proposed amended complaint. (5:16-cv-119-KGB, #14, #16) In Mr. Stompingbear's objection, he argued that his claims were sufficiently related. (5:16-cv-119-KGB, #14) Judge Baker overruled Mr. Stompingbear's objections, adopting Judge Volpe's recommendation in its entirety, and found that Mr. Stompingbear's motion to amend was moot. (5:16-cv-119-KGB, #25)

Mr. Stompingbear's case was not dismissed because he failed to file a timely amended complaint. For that reason, he has not stated a claim for denial of access to the courts. He suffered no actual injury as a result of the lack of supplies to file papers with the court.

Second, his allegations regarding the Defendants' failure to follow ADC grievance policy, even if true, do not state a federal claim for relief. Under settled law, inmates have no constitutional right to an inmate grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993). Therefore, a prison official's failure to properly process or respond to a grievance, standing alone, is not actionable in a civil rights lawsuit such as this.

### III. Conclusion:

The Court recommends that Mr. Stompingbear's case be DISMISSED, without prejudice, for failure to state a claim upon which relief can be granted.

DATED this 7th day of November, 2018.

_____
UNITED STATES MAGISTRATE JUDGE